# EXHIBIT A

FILED
4/29/2019 1:11 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH05204

4855390

2120 - Served          2121 - Served
2220 - Not Served      2221 - Not Served
2320 - Served By Mail  2321 - Served By Mail
2420 - Served By Publication  2421 - Served By Publication
Summons - Alias Summons

(08/01/18) CCG 0001 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

TAMARA COLON, indiv. and on behalf

(Name all parties)

v.

DYNACAST, LLC

Case No. 2019CH05204

☑ SUMMONS  ☐ ALIAS SUMMONS

To each Defendant: Dynacast, LLC c/o CT Corporation System - RA, 208 S LaSalle st., Ste. 814, Chicago, IL 60604

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois
cookcountyclerkofcourt.org
Page 1 of 3

DIE DATE
05/20/2019

DOC.TYPE: CHANCERY
CASE NUMBER: 2019CH05204
DEFENDANT
DYNACAST LLC
208 S LASALLE
CHICAGO, IL 60604
#814

SERVICE INF
R/A C/O CT
SYSTEM

ATTACHED

Summons - Alias Summons

(08/01/18) CCG 0001 B

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

4/29/2019 1:11 PM DOROTHY BROWN

Atty. No.: 58616

Atty Name: Alejandro Caffarelli

Atty. for: Plaintiff

Address: 224 S Michigan Avenue, Suite 300

City: Chicago

State: IL   Zip: 60604

Telephone: 312-763-6880

Primary Email: acaffarelli@caffarelli.com

Witness: _____

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person):

FILED
4/29/2019 1:11 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH05204

4855390

2120 - Served          2121 - Served
2220 - Not Served      2221 - Not Served
2320 - Served By Mail  2321 - Served By Mail
2420 - Served By Publication  2421 - Served By Publication
Summons - Alias Summons

(08/01/18) CCG 0001 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

TAMARA COLON, indiv. and on behalf

(Name all parties)

v.

DYNACAST, LLC

Case No. 2019CH05204

### ☑ SUMMONS    ☐ ALIAS SUMMONS

To each Defendant: Dynacast, LLC c/o CT Corporation System - RA, 208 S LaSalle st., Ste. 814, Chicago, IL 60604

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.



DIE DATE
05/20/2019

DOC.TYPE: CHANCERY
CASE NUMBER: 2019CH05204
DEFENDANT
DYNACAST LLC
208 S LASALLE
CHICAGO, IL 60604
#814

SERVICE INF
R/A C/O CT
SYSTEM

ATTACHED

**Summons - Alias Summons** (08/01/18) CCG 0001 B

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

4/29/2019 1:11 PM DOROTHY BROWN

Atty. No.: 58616

Atty Name: Alejandro Caffarelli

Atty. for: Plaintiff

Address: 224 S Michigan Avenue, Suite 300

City: Chicago

State: IL  Zip: 60604

Telephone: 312-763-6880

Primary Email: acaffarelli@caffarelli.com

Witness: _____

_____
DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person):

FILED DATE: 4/29/2019 1:11 PM  2019CH05204

FILED DATE: 4/29/2019 1:11 PM 2019CH05204

# CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

- Richard J Daley Center
  50 W Washington
  Chicago, IL 60602

- District 2 - Skokie
  5600 Old Orchard Rd
  Skokie, IL 60077

- District 3 - Rolling Meadows
  2121 Euclid
  Rolling Meadows, IL 60008

- District 4 - Maywood
  1500 Maybrook Ave
  Maywood, IL 60153

- District 5 - Bridgeview
  10220 S 76th Ave
  Bridgeview, IL 60455

- District 6 - Markham
  16501 S Kedzie Pkwy
  Markham, IL 60428

- Domestic Violence Court
  555 W Harrison
  Chicago, IL 60607

- Juvenile Center Building
  2245 W Ogden Ave, Rm 13
  Chicago, IL 60602

- Criminal Court Building
  2650 S California Ave, Rm 526
  Chicago, IL 60608

## Daley Center Divisions/Departments

- Civil Division
  Richard J Daley Center
  50 W Washington, Rm 601
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Chancery Division
  Richard J Daley Center
  50 W Washington, Rm 802
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Domestic Relations Division
  Richard J Daley Center
  50 W Washington, Rm 802
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Civil Appeals
  Richard J Daley Center
  50 W Washington, Rm 801
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Criminal Department
  Richard J Daley Center
  50 W Washington, Rm 1006
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- County Division
  Richard J Daley Center
  50 W Washington, Rm 1202
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Probate Division
  Richard J Daley Center
  50 W Washington, Rm 1202
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Law Division
  Richard J Daley Center
  50 W Washington, Rm 801
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Traffic Division
  Richard J Daley Center
  50 W Washington, Lower Level
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

Case: 1:19-cv-04561 Document #: 1-1 Filed: 07/05/19 Page 9 of 18 PageID #:19

Hearing Date: 8/22/2019 9:30 AM - 9:30 AM
Courtroom Number: 2008
Location: District 1 Court
Cook County, IL

FILED DATE: 4/23/2019 4:38 PM 2019CH05204

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

FILED 4796202
4/23/2019 4:38 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH05204

| | |
|---|---|
| TAMARA COLON, individually and on behalf of all others similarly situated, | |
| Plaintiff, | |
| v. | 2019CH05204 |
| DYNACAST, LLC, | |
| Defendant. | |

## CLASS ACTION COMPLAINT

Plaintiff, Tamara Colon ("Colon" or "Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys, Caffarelli & Associates Ltd., to complain against Defendant, Dynacast, LLC. ("Dynacast" or "Defendant"), as follows:

### NATURE OF ACTION

1. This is a class action under the Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA") on behalf of all persons in Illinois who had their fingerprints improperly collected, captured, received, or otherwise obtained by Defendant.

### PARTIES

2. Plaintiff Colon is an adult resident of Melrose Park, Illinois and worked for Defendant at its location in Elgin, Illinois.

3. Dynacast is a Delaware corporation that is registered to do business in Illinois and has a registered agent in Chicago, Cook County, Illinois.

4. At least 200 individuals performed work for Defendant in the State of Illinois. Defendant collects biometric identifiers and biometric information from these individuals through its timekeeping system. Plaintiff and these individuals are referred to herein as the "putative BIPA Class" members.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 because Defendant conducts business transactions in Illinois, has committed unlawful acts in Illinois, and is registered to conduct business in Illinois.

6. Additionally, this Court has jurisdiction over Plaintiff Colon because she is a resident of the state of Illinois.

7. Defendant is a resident of Cook County, Illinois. Venue is therefore proper in Cook County pursuant to 735 ILCS 5/2-101.

## FACTUAL ALLEGATIONS

8. Plaintiff began working for Dynacast in 2013.

9. Colon worked for Dynacast from 2013 until her termination in or around January 2018.

10. Colon's final position with Dynacast was Lead/Assistant to Supervisor.

11. Throughout her employment, Dynacast implemented the use of a biometric scanner. Plaintiff, like all members of the putative BIPA Class, was required to have her fingerprint and/or handprint collected and/or captured so that Dynacast could store it and use it as an authentication method for timekeeping purposes.

12. Defendant failed to maintain or publicize information about its biometric practices or policies; and failed to provide Plaintiff or, upon information and belief, any member of the putative BIPA Class, with information about its policies or practices.

13. Each day, Plaintiff, like all putative BIPA Class members, was each required to place her hand on a panel to be scanned in order to 'clock in' and 'clock out' of work.

14. Defendant failed to provide Plaintiff or, upon information and belief, any member of the putative BIPA Class, with written notice of the fact that it was collecting biometric information prior to collection.

15. Defendant failed to obtain prior written consent from Plaintiff or, upon information and belief, any putative BIPA Class member before it collected, stored, or used those individuals' biometric information.

16. Defendant did not inform Plaintiff of the specific purposes or length of time for which it collected, stored, or used her fingerprints and/or handprints.

17. Defendant did not inform Plaintiff of any biometric data retention policy developed by Defendant, nor has she ever been informed of whether Defendant will ever permanently delete her fingerprints and/or handprints.

18. Plaintiff was not provided with and never ever signed a written release to allow Defendant to collect or store her fingerprints and/or handprints.

19. Upon information and belief, Plaintiff's experiences as described above are typical and representative of the experiences of the putative BIPA Class.

20. Plaintiff and the putative BIPA Class members have continuously and repeatedly been exposed to risks, harmful conditions, and violations of privacy through Defendant's violations of BIPA as described herein.

### CLASS ALLEGATIONS

21. Upon information and belief, the practices, policies, and consequences pertinent to Defendant's biometric system as described above applied to each Class member.

22. Upon information and belief, Defendant employs at least 200 individuals in Illinois who are similarly situated persons and potential Class members.

3

23. **Class Definition:** Plaintiff brings this action pursuant to 735 ILCS 5/2-801 on behalf of herself and a BIPA Class of similarly situated individuals, defined as follows:

> **All citizens of Illinois who had their fingerprints collected, captured, received, otherwise obtained, used, distributed, or stored by Dynacast, LLC in the State of Illinois.**

24. **Numerosity:** The exact number of Class members is unknown to Plaintiff at this time, but upon observation, information and belief, it is at least 200 individuals, making individual joinder impracticable. Defendant has collected, captured, received, or otherwise obtained biometric identifiers or biometric information from at least 200 people who fall into the definition of the Class. Ultimately, the Class members will be easily identified through Defendant's records.

25. **Commonality and Predominance:** There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

   a. whether Defendant collected, captured, or otherwise obtained Plaintiff's and the Class's biometric identifiers or biometric information;

   b. whether Defendant properly informed Plaintiff and the Class of its purposes for collecting, using, and/or storing their biometric identifiers or biometric information;

   c. whether Defendant obtained a written release (as defined in 740 ILCS 14/10) to collect, use, and store Plaintiff's and the Class's biometric identifiers or biometric information;

   d. whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within three years of their last interaction, whichever occurs first;

4

e. whether Defendant complied with any such written policy (if one exists);

f. whether Defendant used Plaintiff's and the Class's fingerprints and/or handprints to identify them; and

g. whether Defendant's violations of the BIPA were committed negligently or recklessly.

26. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex litigation and class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff is an adequate representative of the Class because all potential plaintiffs were subject to Defendant's uniform policies and practices. Plaintiff and her counsel are committed to vigorously prosecuting his action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to those of the other members of the Class.

27. **Appropriateness**: This class action is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy and joinder of all members of the Class is impracticable. The damages suffered by the individual members of the Class are likely to have been small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's wrongful conduct. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would not be preferable to a class action because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and

comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

## COUNT I – BIOMETRIC INFORMATION PRIVACY ACT
### (Class Action)

28. Plaintiff restates and incorporates the foregoing allegations as though fully set forth herein.

29. BIPA is an informed consent statute that achieves its goal of protecting individuals' privacy rights by making it unlawful for a company to, among other things, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information," unless *it first:*

(1) informs the subject in writing that a biometric identifier or biometric information is being collected or stored;

(2) informs the subject in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and

(3) receives a written release executed by the subject of the biometric identifier or biometric information.

740 ILCS 14/15(b).

30. In the employment context, a "written release" means "a release executed by an employee as a condition of employment." 740 ILCS 14/10.

31. Biometric identifiers include retina and iris scans, voiceprints, scans of hand and face geometry, and fingerprints. *See* 740 ILCS 14/10. Biometric information is separately defined to include any information based on an individual's biometric identifier that is used to identify an individual. *See id.*

32. BIPA also established standards for how companies must handle individuals'

6

biometric identifiers and biometric information, as follows: "[a] private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first. Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines." 740 ILCS 14/15(a).

33. Ultimately, BIPA is simply an informed consent statute, which mandates that entities wishing to collect, store, and/or use biometric information must put in place certain reasonable safeguards to protect individuals' privacy. *See* 740 ILCS 14/15.

34. BIPA makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless [the entity] first: (1) informs the subject ... in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored , and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information." 740 ILCS 14/15(b).

35. BIPA also mandates that companies in possession of biometric data establish and maintain a satisfactory biometric data retention (and – importantly – deletion) policy. Specifically, those companies must: (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric data (e.g. when the

7

employment relationship ends); and (ii) actually adhere to that retention schedule and actually delete the biometric information. *See* 740 ILCS 14/15(a).

36. Defendant failed to comply with BIPA mandates, thus committing at least four distinct violations of BIPA with respect to Plaintiff and each putative BIPA Class member.

37. Defendant's failure to comply with BIPA mandates was negligent and/or reckless.

38. Defendant qualifies as a "private entity" under the BIPA. *See* 740 ILCS 14/10.

39. Plaintiff and the BIPA Class members are individuals who had their "biometric identifiers" (in the form of their fingerprints and/or handprints) collected by Defendant by way of Defendant's biometric scanner, i.e. time clock. *See* 740 ILCS 14/10.

40. Plaintiff's and the BIPA Class's biometric identifiers were used to identify them, and therefore constitute "biometric information" as defined by BIPA. *See* 740 ILCS 14/10.

41. Defendant violated 740 ILCS 14/15(a) by failing to publicly provide a retention schedule or guideline for permanently destroying biometric identifiers and biometric information it collected from Plaintiff and the Class.

42. Defendant violated 740 ILCS 14/15(b)(1) by failing to inform Plaintiff and the BIPA Class in writing that their biometric identifiers and/or biometric information were being collected and stored.

43. Defendant violated 740 ILCS 14/15(b)(2) by failing to inform Plaintiff and the BIPA Class in writing of the specific purpose and length of term for which their biometric identifiers and/or biometric information was being collected, stored, and/or used.

44. Defendant violated 740 ILCS 14/15(b)(3) by failing to obtain written releases from Plaintiff and the BIPA Class before it collected, used, and/or stored their biometric identifiers and biometric information.

8

FILED DATE: 4/23/2019 4:38 PM 2019CH05204

45. For each of the violations identified above, Plaintiff and the members of the putative BIPA Class are entitled to recover anywhere from $1,000 to $5,000 in statutory damages.

46. Therefore, Defendant violated Plaintiff's and the Class's rights to privacy in their biometric identifiers and biometric information, and committed an actionable statutory violation of BIPA. 740 ILCS 14/1, *et seq.*; *Rosenbach v. Six Flags Entertainment Corp.*, No. 123186, 2019 WL 323902 (Ill. Jan. 25, 2019).

WHEREFORE, Plaintiff Tamara Colon, individually and on behalf of other similarly situated individuals, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant Dynacast, LLC and grant her the following relief:

a) Certifying this case as a class action on behalf of the BIPA Class defined above, appointing Plaintiff as representative of the BIPA Class, and appointing her counsel as Class Counsel;

b) Awarding injunctive and other equitable relief as is necessary to protect the interests of the BIPA Class, including an Order requiring Defendant to collect, store, and use biometric identifiers or biometric information in compliance with the BIPA;

c) Awarding statutory damages to each person whose rights were violated under BIPA, pursuant to 740 ILCS 14/20;

d) Awarding Plaintiff and the Class their reasonable litigation expenses and attorneys' fees and costs;

e) Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and

f) Any further relief that is deemed just and equitable.

Dated: April 23, 2019

Alejandro Caffarelli
Madeline K. Engel
Caffarelli & Associates Ltd.
224 S. Michigan Ave., Ste. 300
Chicago, Illinois 60604
Tel. (312) 763-6880
Firm ID 58616

Respectfully submitted,
TAMARA COLON, individually and on behalf of all others similarly situated,

By: /s/ *Alejandro Caffarelli*
One of Plaintiff's Attorneys

FILED DATE: 4/23/2019 4:38 PM   2019CH05204